## PITNEY v. STATE OF WASHINGTON.

ERROR TO THE SUPREME COURT OF THE STATE OF
WASHINGTON.

No. 242.  Argued October 29, November 1, 2, 1915.—Decided March 6,
1916.

On authority of *Rast* v. *Van Deman & Lewis Co.*, *ante*, p. 342, and
*Tanner* v. *Little*, *ante*, p. 369, *held* that the trading stamp license
statute of Washington is not unconstitutional under the commerce·
clause of, or the due process or equal protection provision of the
Fourteenth Amendment to, the Federal Constitution.
79 Washington, 608, affirmed.

THE facts, which involve the constitutionality, under the
commerce clause of the· Federal Constitution and the
due process and equal protection provisions of the Four-
teenth Amendment thereto, of the trading stamp license
tax laws of the State of Washington, are stated in the
opinion.

*Mr. Louis Marshall*, with whom *Mr. Sol. M. Stroock*
was on the brief, for plaintiff in error:

The Washington statute under which the plaintiff in
error has been convicted, violates the Fourteenth Amend-
ment, in that it deprives him of his liberty and property
without due process of law.

The act cannot be sustained as a revenue measure, its
purpose being clearly to prohibit the use of an incidental
business instrumentality by means of a confiscatory license
fee, in evasion of rights secured by the Fourteenth Amend-
ment.

The act, upon its face, indicates that it is not a revenue
measure.

Even, if viewed as possibly a revenue measure, this act
would be invalid.

The statute does not purport to be a revenue law, but

is at most merely a license law enacted in the attempted exercise of the police power.

Independently of these views, this legislation deprives merchants who use in their business stamps, coupons, tickets, certificates or similar devices, in connection with their sales, of the equal protection of the law.

*Mr. Dallas V. Halverstadt* and *Mr. Blackburn Esterline,* with whom *Mr. W. V. Tanner,* Attorney General of the State of Washington, and *Mr. Alfred H. Lundin* were on the brief, for defendant in error.[1]

MR. JUSTICE MCKENNA delivered the opinion of the court.

A companion case with *Rast v. Van Deman & Lewis, ante,* p. 342, and *Tanner v. Little, ante,* p. 369. It was argued and submitted with those cases and involves the same general questions and the validity of the statute passed upon in the latter case.

A criminal information was filed in the Superior Court of the State of Washington for the County of King charging that the United Cigar Stores Company, Inc., a New Jersey corporation, doing business in the State of Washington, owned and conducted a certain store and place of business in the City of Seattle and had not then or theretofore obtained a separate license from the auditor of the county entitling it at its store and place of business to use or furnish to other persons, etc., to use, in, with or for the sale of any goods, etc., any stamps, etc., or other similar devices, entitling the purchaser receiving the same to procure from any person, etc., any goods, etc., free of charge or for less than the retail price thereof upon the production of any number of said stamps, etc.

That Pitney (plaintiff in error), at said place of business,

---

[1] For abstract of argument, see *ante,* p. 375.

well knowing the above facts, did then and there unlawfully, as the manager, servant and agent of the United Cigar Stores Company, Inc., use and furnish in, with and in connection with the sale of certain goods, etc., to one John Garvin a certain stamp, etc., of the following tenor:

"No. 139,198.  Dr.

"United Cigar Stores Company (Incorporated).

"CERTIFICATE.

"Cash value at any Profit Sharing Station in the State of Washington, 1 cent, but average merchandise value, according to profit sharing list, 2 cents.

"This certificate represents a twenty-five cent purchase and is redeemable according to the conditions of our profit sharing list.  Ask for a copy of list.  Redeemable only by the person to whom originally issued.

"United Cigar Stores Company (Incorporated).

"Largest Cigar Retailers in the world."

And it was alleged that Garvin received the same.

A demurrer was filed to the information, the grounds of which were, as alleged, that the defendant had not violated any law, that the information failed to state facts sufficient to constitute a crime or misdemeanor and that it did not charge any offense against the laws of Washington.  The demurrer was sustained and the case dismissed.  This action was reversed by the Supreme Court of the State and the cause remanded with directions to overrule the demurrer.  79 Washington, 608.

Upon the return of the case to the Superior Court the demurrer was overruled and defendant pleaded guilty. He then moved in arrest of judgment, invoking against the law and sentence under it Articles V and VIII of the Constitution of the United States and § 1 of the Fourteenth Amendment of that Constitution.

It was stipulated that Pitney, as charged, furnished Garvin a certain stamp, etc., which entitled Garvin to procure from the United Cigar Stores Co., Inc., upon the

production of a certain specified number of such stamps, etc., or other similar device, certain goods, etc., free of charge; that the stamp, etc., so delivered to Garvin was redeemable by the company alone and entitled him to receive from the company and from no other such goods, etc.; that the stamp, etc., was by its terms redeemable in goods, etc., or 1 cent in cash at the option of the holder as provided by the laws of the State of Washington.[1]

Judgment of a fine of $10 and costs was pronounced against him, which was affirmed by the Supreme Court for the reasons announced in its former opinion. The case was then brought here by writ of error allowed by the Chief Justice of the State.

The court overruled *Leonard* v. *Bassindale*, 46 Washington, 301, in which case it had decided that the law, passed in 1905, prohibiting the use of trading stamps was unconstitutional, giving as reason that the police power of the State, as expounded and illustrated by the decisions of this court, was legally exercised in the passage of the statute.

The reasons and conclusion of the court are combated

---

[1] The law of Washington, passed in 1907 (Laws 1907, p. 742), provided:

(§ 1) That no stamps, etc., or other similar device which should entitle the holder thereof to receive from the vendor or indirectly through any other person, money or goods, etc., should be sold or issued unless each of the stamps, etc., should have legibly printed or written upon the face thereof the redeemable value thereof in cents.

(§ 2) That such stamps, etc., should be redeemable in goods, etc., "or in cash, good and lawful money of the United States, at the option of the holder thereof," and any number of such stamps, etc., should be redeemed at the value thereof in cents printed on the face thereof, and it should not be necessary for the holder thereof to have any stipulated number of the same.

(§ 3) That in case of refusal to redeem the stamps, etc., the vendor or such other person should be liable to the holder thereof for the face value thereof.

(§ 4) Violation of the act is made a misdemeanor.

by plaintiff in error by the same considerations and arguments that were advanced in *Rast* v. *Van Deman & Lewis,* *ante*, p. 342, and *Tanner* v. *Little, ante*, p. 369. What we said in answer to them there we need not repeat here, and upon the authority of those cases the judgment of the Supreme Court must be, and it is,

*Affirmed.*