State ex rel. Downey-Farrell Co. v. Weigle, 168 Wis. 19.

STATE EX REL. DOWNEY-FARRELL COMPANY vs. WEIGLE, as
Dairy and Food Commissioner.

*May 21—September 14, 1918.*

*Trading stamps: Regulation by state: Coupons packed with oleo-
margarine: Interstate commerce: Police power: Authority to
"issue" slips with "stated cash value:" Redemption only by
person issuing: Trading-stamp company as agent for re-
demption: Statute construed.*

1. The shipment, by a manufacturer located in another state, to
   jobbers within this state, of oleomargarine wrapped and
   packed for shipment in accordance with the requirements of
   the federal law, the placing in each box so packed of a
   "dealer's coupon" entitling the person or jobber to whom
   such original shipment is made to receive in cash an amount
   dependent upon the number of pounds of oleomargarine in
   the box, and any redemption of such coupons, either by the
   manufacturer or by any third person whom it may desig-
   nate, are all parts of one transaction of interstate commerce,
   which is subject only to federal regulation and hence is not
   governed by sec. 1747*m*, Stats. 1917 (ch. 480, Laws 1917).

2. There is in such case no right of the state to inspect or regu-
   late said article of commerce in order to protect the health
   or morals of its citizens, and no other feature which might
   bring it within the reasonable exercise of the police power
   of the state to prevent fraud.

3. The final clause in sub. 1, sec. 1747*m*, Stats. 1917 (providing
   that any manufacturer, packer, or dealer may "issue," with
   the sale of any goods, a slip, ticket, or check which shall
   bear upon its face a stated cash value and shall be redeemable
   only in cash "and only by the person, firm, or corporation
   issuing the same"), permits any manufacturer, packer, or
   dealer, whether within or without the state, to place so-
   called "clerk's" or "consumer's" coupons, redeemable in cash
   only and by the person so issuing them, within any original
   carton, package, or box intended for original shipment, al-
   though such original packages are not sold by him to the
   ultimate consumer.

4. It is not necessary that the redemption of such cash coupons
   shall be by someone within this state; but a provision in the
   coupons that they shall not be sent to the corporation issuing
   them but shall be redeemed only by another corporation,
   which is engaged in the trading-stamp business and must be
   regarded more as an independent contractor than as an

agent, servant, or employee of the issuing corporation, is in violation of the statute.

5. The requirement that each coupon shall bear on its face a "stated cash value" should be reasonably construed, and is sufficiently complied with where a definite cash value is stated on the face of the coupon, although on the back thereof is the further statement, signed by the issuing corporation, that it is redeemable only by another corporation "as our agent according to terms of its catalog in effect at time of redemption, except that in any state or locality where redemption in goods is prohibited or requires payment of license or tax, not required for cash redemption, this coupon will be redeemed in cash only, and is void wherever prohibited."

6. There is also a sufficient compliance with said requirement as to a "stated cash value," where, with no purpose to deceive and as a matter of convenience only, the coupon states the amount of the sale and indicates that the cash value of the coupon itself is a certain percentage of that amount.

THIS is an original proceeding in this court wherein the plaintiff prays that the defendant, as dairy and food commissioner of the state of Wisconsin, be enjoined and restrained from a threatened enforcement, as against the plaintiff, of the provisions of ch. 480, Laws 1917 (Stats. 1917, sec. 1747m).

An answer was interposed to the complaint and the issues of fact thereby raised were referred by this court to the Hon. A. G. ZIMMERMAN, county judge of Dane county, as referee to take testimony, which he did, and thereupon made and filed his findings of fact herein.

The material facts necessary for consideration in this case as they appear from these findings are substantially as follows:

The plaintiff is a Delaware corporation doing business in Chicago, Illinois, and has not taken out a license under sec. 1770b, Stats., to do business in this state. It makes a high grade of oleomargarine and sells the same at a uniform price to jobbers all over the country. In compliance with the federal law this oleomargarine is put up at the factory

in Chicago in weights of one, two, and five pounds, respectively, each such weight being wrapped in parchment paper, inserted in pasteboard cartons, which are then closed and packed in boxes containing generally either ten, twenty, twenty-four, thirty, sixty, or one hundred pounds of such packages and shipped in such boxes to the jobbing trade all over the United States. Such boxes of original shipment, unopened, are sold by jobbers to retail dealers or hotel keepers. No sales permitted of less than ten pounds. All sales at retail are required to be from such boxes of original shipment and such cartons are not to be removed therefrom until the sale at retail is made to the consumer.

At the time of the packing of these pasteboard cartons at the place of business in Chicago there is inserted in each of them what is designated as a consumer's coupon, substantially as follows:

The form here given is such as is inserted in the one-pound carton. The only change in the other consumers' coupons is the insertion of the larger amounts allowed for the redemption of the respective three- and five-pound weights.

There is also attached to each carton, in such manner that it is detachable upon the opening of the carton, another coupon which in effect promises the clerk or person making the sale to the consumer a certain payment in cash redeemable in the same way. In each box as packed for shipment at plaintiff's place of business there is inserted an additional and separate coupon, known as the dealer's coupon, entitling the person or jobber to whom such original shipment is made to also receive a cash payment, the amount thereof dependent upon the number of pounds of oleomargarine in each such box, and substantially in form as on page 23.

The United Profit Sharing Company is a Delaware corporation that has an office in the city of New York and not elsewhere. It has not been licensed to do business in Wisconsin since 1915. Prior to December, 1917, the plaintiff and the United Profit Sharing Company did business under a contract of November, 1915, by which coupons then being issued on behalf of the plaintiff were redeemable in merchandise by such United Profit Sharing Company.

After the determination by this court of the *Trading Stamp Cases (State ex rel. S. & H. Co. v. Weigle)*, 166 Wis. 613, 166 N. W. 54, involving the construction of the same statute as here involved, a new contract in writing was entered into between such corporations which in substance provided that the United Profit Sharing Company was appointed sole and exclusive agent to redeem in cash for plaintiff and in its name all of its coupons in the state of Wisconsin with the sale of its goods; the plaintiff to refund monthly to the other company whatever amounts it paid for such redemption, together with a fee for the services as such agent of $2 for each 1,000 of such coupons as were

State ex rel. Downey-Farrell Co. v. Weigle, 168 Wis. 19.

issued by plaintiff and redeemed by the other company and when returned to the plaintiff properly bundled. The United Profit Sharing Company was also obligated to have the

State ex rel. Downey-Farrell Co. v. Weigle, 168 Wis. 19.

coupons printed for plaintiff on a special kind of paper, charging at the rate of sixty and seventy-five cents per thousand for the respective forms of coupons. The referee also found that an oral contract was made at the same time, substituting the new written contract for the old one, and that there was no other contract or agreement between those two on this subject matter than as herein indicated.

It was further found that the plaintiff used these coupons for the sole purpose of advertising its product and not otherwise; that the cash redemption by the United Profit Sharing Company is done for the reason that that company can do it cheaper and give better service than if done by the plaintiff itself. Catalogs had been printed prior to the enactment of the law in question which had been distributed by the United Profit Sharing Company both in this state and in other states where no such prohibitions were in force, specifying the conditions upon which, and the kind and nature of the merchandise which could be obtained for the coupons as formerly used and issued by the plaintiff as well as by other concerns.

For the plaintiff there was a brief by *Richmond, Jackman, Toebaas & Wilkie* of Madison, and oral argument by *Ralph W. Jackman*. The same attorneys filed a brief on behalf of the Manufacturers & Retailers Company and the Indiana Condensed Milk Company.

A brief was filed by *E. H. Bottum, Geo. B. Hudnall,* and *Walter Drew,* all of Milwaukee, as *amici curiæ,* and there was oral argument by *Mr. Hudnall* and *Mr. Drew.*

A separate brief was also filed by *Ezra M. Kuhns* of Dayton, Ohio, and *Sanborn & Blake* of Madison, as *amici curiæ.*

For the defendant there was a brief by the *Attorney General, Walter H. Bender,* deputy attorney general, and *E. E. Brossard,* assistant attorney general, and oral argument by *Mr. Bender* and *Mr. Brossard.*

The following opinion was filed June 19, 1918:

ESCHWEILER, J.    Ch. 480, Laws 1917, provides:

"Section 1747*m*.  1.  No person, firm, corporation, or association within this state shall use, give, offer, issue, transfer, furnish, deliver, or cause or authorize to be furnished or delivered to any other person, firm, corporation, or association within this state, in connection with the sale of any goods, wares or merchandise, any trading stamp, token, ticket, bond, or other similar device, which shall entitle the purchaser receiving the same to procure any goods, wares, merchandise privilege, or thing of value in exchange for any such trading stamp, token, ticket, bond, or other similar device, except that any manufacturer, packer or dealer may issue any slip, ticket, or check with the sale of any goods, wares or merchandise, which slip, ticket or check shall bear upon its face a stated cash value and shall be redeemable only in cash for the amount stated thereon, upon presentation in amounts aggregating twenty-five cents or over of redemption value, and only by the person, firm or corporation issuing the same. . . ."

Immediately upon its passage the constitutionality of it was attacked in a proceeding in this court, and it was there held to be a proper exercise of the legislative power. *Trading Stamp Cases,* 166 Wis. 613, 166 N. W. 54.  What was there held as to the evident scope and purposes of the act need not be here repeated.

The plaintiff contends that as packer or manufacturer of the oleomargarine its method of business is a proper compliance with the provisions of this chapter; that the three respective forms of coupons to dealers, clerks, and consumers are issued, within the language of the statute, when they are respectively packed in the cartons and boxes at plaintiff's place of business in Chicago before shipment.  It also contends that the transaction, so far as it concerns the shipment direct to the jobber and receipt by him and redemption by it, through its intermediary the United Profit Sharing Company, of the so-called dealer's coupon, is a

transaction of interstate commerce and beyond interference with or regulation by the state.

It furthermore contends that it may lawfully, under the statute in question, make the United Profit Sharing Company its sole and exclusive agent for the cash redemption of such coupons.

The defendant expressly disclaims any intention of enforcing the statute in question so as to in any way interfere with interstate business, but contends that both the issuing and redeeming of such coupons can only lawfully be done by a packer, manufacturer, or dealer who is within the state of Wisconsin; and secondly, that coupons such as are here under consideration, appearing on their face to be redeemable only by some third person, cannot be lawfully issued.

In view of the nature of the requirements of the federal law regulating the manufacturing and dealing in oleomargarine and the manner in which such product is packed and shipped, as appears from the facts in the record before us, we are satisfied that in the transactions between the plaintiff in this case and the jobbers within this state to whom shipments of the product are made in the boxes of original shipment the placing of the dealer's coupon therein, entitling such jobber to a cash payment, and any redemption thereof, are all parts of one commercial transaction. *Loverin & Browne Co. v. Travis*, 135 Wis. 322, 331, 115 N. W. 829; *F. A. Patrick & Co. v. Deschamp*, 145 Wis. 224, 228, 129 N. W. 1096. Such shipments being from without the state, they are in the domain of interstate commerce and subject only to federal regulation; and therefore neither the defendant as a state officer nor this court has any power or right to interfere with, control, or regulate the issuing of such dealer's coupons, the manner and form in which they are being issued and delivered, or the redemption thereof either by the plaintiff itself or by any third person whom it may designate. Such matters are of contract between the

shipper and the person to whom the shipment is made and not subject to state regulation. *Greek-American S. Co. v. Richardson D. Co.* 124 Wis. 469, 474, 476, 102 N. W. 888; *Schollenberger v. Pennsylvania,* 171 U. S. 1, 18 Sup. Ct. 757; *Rosenberger v. Pacific Exp. Co.* 241 U. S. 48, 36 Sup. Ct. 510.

There is no situation here of possible right of the state to inspect or regulate this article of commerce in order to protect the health or morals of its citizens or of any feature which might bring it within the reasonable exercise of the police power of the state to prevent fraud. The rulings of the United States supreme court, therefore, upholding the right of states to control and regulate the sale of foreign securities, as in the so-called blue-sky laws (*Hall·v. Geiger-Jones Co.* 242 U. S. 539, 37 Sup. Ct. 217), or the moving picture film censorship case (*Mutual Film Corp. v. Industrial Comm.* 236 U. S. 230, 35 Sup. Ct. 387), have no application here.

Considering the well known and general nature of the business of a manufacturer or packer, which is well exemplified under the facts shown in this case; the aims and purposes of the statute itself as appears on its face; and from the declaration already made by this court with reference to it in the *Trading Stamp Cases (State ex rel. Sperry & Hutchinson Co. v. Weigle),* 166 Wis. 613, 166 N. W. 54, we are led to the conclusion that the word "issue," as used in the final clause of the first subdivision of the section before us [sec. 1747*m,* Stats. 1917: ch. 480, Laws 1917], is intended to permit and authorize a manufacturer or packer, such as the plaintiff in this case, whether within or without the state, to place coupons such as we have here before us, but when redeemable in cash only and by the person so issuing them, within any original carton, packages, or boxes intended for original shipment, although such original packages may not be sold directly by him to the ultimate consumer.

We think it apparent from the face of the statute itself and in the light of the common knowledge of the way such commerce is now conducted, that the legislature intended to exclude any interference by this law with what might be within the field of interstate commerce, and that when it expressly recognizes, as a legitimate transaction, the issuing by any manufacturer, packer, or dealer, to the purchaser, of a cash redemption coupon, it did not intend to limit such transactions to manufacturers, packers, or dealers who are within the state only. The use of the term "within the state" in the first portion of the first paragraph of this section and its omission in the provision of the same paragraph with which we are here concerned, and the word "any" preceding the words "manufacturer, packer or dealer," indicate plainly that the legislature did not intend to inhibit the right to issue coupons to manufacturers or packers without the state who ship to dealers or consumers within, nor that the redemption of any such cash coupon must be done by someone within the state, necessarily.

The provisions, however, embodied in the coupons before us, that they shall not be sent to plaintiff in Chicago and shall be redeemed only by the United Profit Sharing Company, are within the condemnation of this statute both by the letter thereof and by the interpretation given to it in the former decision of this court, *supra*, and to similar statutes in the cases in that decision cited. Under the facts as are here presented, the United Profit Sharing Company is a company engaged in the trading-stamp business and must be considered more as an independent contractor with the plaintiff than as such an agent, servant, or employee through whom the plaintiff as a corporation must necessarily perform its lawful transactions. So far, therefore, as the plaintiff issues coupons redeemable in cash but only through such a corporation as the United Profit Sharing Company appears to be, it is violating ch. 480, Laws 1917, and is not entitled

14]            AUGUST TERM, 1918.            29

State ex rel. Downey-Farrell Co. v. Weigle, 168 Wis. 19.

to any restraining order from this court as against the defendant in that regard.

Some suggestion is made that the form of the coupon as it appears in the statement of facts is not sufficiently definite to meet the requirements of the statute that it shall bear upon its face a stated cash value. We think, however, that such term "stated cash value" should be given a reasonable construction and that the language in these coupons is within such reasonable construction and does show a stated cash value.

It was suggested on the argument, although not applicable to the facts presented in the record here, that coupons are and may be issued by others in such manner that there is designated on such coupons the amount of the sale together with a recital that the allowance was to be a certain named percentage thereof, without expressly stating upon the face of such coupon the result to be arrived at by computation of the given percentage upon the given amount, and that such form of coupon would not be a proper compliance with the "stated cash value" provision of the statute. The adoption, however, 'of a reasonable construction of this language would make that certain within the meaning of this clause which can be easily and by the ordinary individual rendered certain, and that where there is no purpose of deception, but as a matter of convenience only there may be required some slight mental arithmetical process on the part of the purchaser in order to ascertain exactly the amount which he is entitled to receive, there is no violation of the statute, any more than a coupon presented to the customer indicating on its face that it covered two transactions, in one of which he was entitled to ten cents and another in which he was entitled to fifteen cents, would need to have the addition perfected on its face in order to show to him that he was entitled to twenty-five cents.

It follows from what has been said that the plaintiff is

entitled to proceed unmolested by defendant so far as the so-called dealer's coupons are concerned which are issued by him and placed in the original box at Chicago in which the shipments are made to the jobber or original purchaser within the state of Wisconsin, whether such coupons are to be redeemed by plaintiff personally or through the United Profit Sharing Company; that the plaintiff is not authorized or warranted to issue consumer's or clerk's coupons for use within this state which are redeemable by any such independent contractor as the United Profit Sharing Company appears to be, or other than by itself; that it may lawfully place within such original packages as are the one, two, and five-pound cartons used by it in its shipment of oleomargarine the clerk's or consumer's coupons when such bear upon their faces a stated cash value and are redeemable in cash only by the plaintiff itself.

*By the Court.*—Let judgment be entered in accordance with this opinion. Defendant to recover the following costs to be taxed against the petitioner:

Referee's fees, seven days at $25........$175 00
Stenographer's fees ................  47 00
Court commissioner's fees............  17 40
Fees of clerk of supreme court, to be taxed.
No other costs to be recovered.

OWEN, J., took no part.

A motion for a rehearing was denied, without costs, on September 14, 1918.