SPERRY & HUTCHINSON COMPANY, Respondent, vs. WEIGLE, Appellant.

*June 2—June 25, 1919.*

*Trading stamps: Construction of statute: Legislative intent: Method of redemption.*

It is not a violation of the provisions of sec. 1747m, Stats. 1917 (prohibiting the use of trading stamps but allowing a dealer to issue slips or tickets bearing a stated cash value and redeemable only in cash and only by the person, firm, or corporation issuing them), where stamps complying with the statute in form and contents are sold by a trading stamp company to merchants and are redeemed by the company at its office with money furnished by the merchant or by the merchant himself at his place of business.

APPEAL from orders of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Action to restrain the defendant, as dairy and food commissioner of Wisconsin, from prosecuting Wisconsin mer-

chants under the trading stamp act (sec. 1747m, Stats. 1917) for permitting plaintiff to act as their redemption agent in the use of trading stamps bought from plaintiff and issued by them in their business.    The circuit court made a temporary injunctional order and also entered an order denying defendant's motion for judgment on the pleadings and his motion to dissolve the temporary injunction.    The defendant appealed from both orders.

For the appellant there was a brief by the *Attorney General* and *E. E. Brossard,* assistant attorney general, and oral argument by *Mr. Brossard.*

For the respondent there were briefs by *Bottum, Bottum, Hudnall & Lecher* of Milwaukee, attorneys, and *Frank T. Wolcott* of New York and *Walter Drew* of Milwaukee, of counsel; and the cause was argued orally by *Mr. E. H. Bottum* and *Mr. Wolcott.*

VINJE, J.    The plaintiff is licensed to do business in this state and sells trading stamps to merchants redeemable in cash.    They are about the size of a postage stamp and bear upon their face the inscription "Sperry and Hutchinson.    10 Trading Stamp.    New York City.    1-10 Mill," artistically arranged; and, apparently stamped or printed across this inscription appear these letters, figures, and words: "F. G. I. 194    Wis.    1918.    Cash value $1\frac{2}{3}$ mills."    On the back of the stamp are plainly printed the words: "Cash value $1\frac{2}{3}$ mills.    Redeemable by party issuing."    Plaintiff sells these stamps in large quantities to merchants, together with a book in which the stamps may be pasted for convenient keeping and which when filled has a cash value of $2.    This book gives the location of the redeeming office, the one in evidence being Grand avenue and Fourth street, Milwaukee, Wisconsin.    When the stamps are sold, the merchant deposits with plaintiff a sum of money sufficient to redeem the stamps, and if the money is not all used, owing to the fact that the merchant has made redemption in his own store, or

to the loss of stamps by customers or their failure to present them or otherwise, the surplus is refunded to the merchant. The pleadings show that thousands of these stamps are issued daily by many merchants and for sales ranging from ten cents upwards.    They also allege at great length the advantages of a cash business and claim that redemption can successfully be made only by a large force of skilled experts, since some merchants use upwards of 40,000,000 stamps per year.    The customer has the option of having the stamps redeemed by the merchant at his place of business or at the office of plaintiff.    The question presented for adjudication is, Does this mode of redemption violate the provisions of sec. 1747m, Stats. 1917, which prohibits the use of trading stamps,

"except that any manufacturer, packer or dealer may issue any slip, ticket, or check with the sale of any goods, wares or merchandise, which slip, ticket or check shall bear upon its face a stated cash value and shall be redeemable only in cash for the full amount stated thereon, upon presentation in amounts aggregating twenty-five cents or over of redemption value, and only by the person, firm or corporation issuing the same."

It is admitted that the stamps in question comply with the statutory provisions so far as form and contents are concerned.    It is also evident from the language of the statute that it contemplated the issuing of tickets or stamps of small value and that the same would have to be held till twenty-five cents in value were collected by one purchaser before redemption could be demanded.    The only violation of the statute claimed is that the merchant does not redeem as the statute provides when redemption is made by plaintiff.    In other words, Does the statute permit a merchant to contract with another to do the manual work of redemption, the merchant furnishing the money and being financially responsible to the customer for the redemption?

It is a familiar principle of law that one may lawfully do

by an agent that which he may lawfully do himself.    It follows, therefore, that the transactions here involved do not run counter to the letter of the statute.    But it is argued that they violate its spirit, purpose, and intent in that they permit a corporation engaged in selling stamps also to redeem them, thus making one financially interested in the trading-stamp business the agent of redemption.    In order to determine this question correctly it becomes necessary to consider briefly what the legislature sought to accomplish in enacting the trading-stamp statute and just wherein lay the crux of the evil sought to be remedied.    An examination of the cases holding that it is within the legislative power to regulate or prohibit the use of trading stamps offering premiums will show that the evil lay in the lure of the object or thing offered as a prize.    *Trading Stamp Cases,* 166 Wis. 613, 166 N. W. 54; *Rast v. Van Deman & Lewis Co.* 240 U. S. 342, 36 Sup. Ct. 370; *Tanner v. Little,* 240 U. S. 369, 36 Sup. Ct. 379; *Pitney v. Washington,* 240 U. S. 387, 36 Sup. Ct. 385. And it was this lure or temptation to improvidence alone that brought the business within the scope of the police power. Except for that the business would occupy the same status that any other legitimate business occupies.    In order that there might be no mistake as to the precise evil that was sought to be remedied, the legislature *ex industria* exempted a cash discount, and provided that slips, tickets, or tokens might be issued for the same, redeemable by the issuer.    This affirmatively takes the cash-discount system out from the condemnation of the statute.    The only proviso imposed upon it was that the issuer should make the redemption. Under the trading-stamp business as it had been largely conducted the customer had to rely for redemption upon a third party located at a distance from the merchant's place of business, as in the case of *State ex rel. Downey–Farrell Co. v. Weigle,* 168 Wis. 19, 168 N. W. 385.    And for that reason the court held in the latter case that the statute was not complied with because the issuer did not become financially re-

sponsible for the redemption as contemplated by the statute, but sought to contract with the customer to look solely to a third party for redemption. It was no doubt the legislative thought that the customer should have the financial responsibility of the merchant with whom he dealt back of the redemption, and that he should not be compelled to deal with persons at a distance, but should have a convenient place for redemption at home. In this case the issuer is financially responsible for the redemption and makes it when requested, and a convenient place at home for redemption by plaintiff is provided. The objects sought by the statute are therefore complied with. No intention to unreasonably hamper the giving of cash rebates can be ascribed to the legislature, nor can any construction be given the act as to this feature that would not be given to any other act dealing with a lawful business. To say that a lawful business cannot be transacted through an agent, conceding the constitutionality of a statute given such a construction, would be to give the act a meaning so narrow as to practically emasculate that which the legislature sought to save. The language of the act limiting redemption to the issuer must be given the meaning usually accorded such language when applied to a legitimate business and cannot be held to limit redemption to a personal or manual one by the issuer or by his servants or employees only. It must be held to include an agent for whose acts the principal is responsible, because in law the redemption by an agent is the redemption of the principal and not that of the agent. We are convinced the legislature did not intend to annul the law of agency, even if it had the power, in respect to a business affirmatively sanctioned by it. If there is no lure when the principal redeems *in propria persona,* there is no lure when his agent redeems for him. For these reasons the circuit court correctly entered the orders appealed from.

*By the Court.*—Orders affirmed.