James H. MORRISON, Complainant,

v.

The Sovereign STATE OF CALIFORNIA, By and through its Governor, Edmund G. BROWN, Incumbent, Respondent.

No. 64–1571.

United States District Court
S. D. California,
Central Division.

Dec. 18, 1964.

James H. Morrison, in pro per.

Thomas C. Lynch, Atty. Gen., and William E. James, Asst. Atty. Gen., and Jack K. Weber, Deputy Atty. Gen., for State of California.

CRARY, District Judge.

Plaintiff, on parole after conviction of a felony by a California State court, seeks judgment permanently enjoining the State of California from enforcing certain sections of its Penal Code, Civil Code, Code of Civil Procedure and provisions of the California constitution, on the grounds they are unconstitutional. The sections involved are:

1. Penal Code, Sections 2600–2603 [relating to suspension of civil rights of persons imprisoned, which includes parolees.].

2. Penal Code, Section 3054, which gives the Adult Authority permission to grant parolees limited civil rights.

3. California Constitution, Article I, Section 18, prohibiting involuntary servitude "unless for the punishment of crime."

4. California Constitution, Article II, Section 1, denying the privilege of an elector to persons convicted of embezzlement or misappropriation of public money and of "any infamous crime", which is interpreted to mean any felony.

5. Civil Code, Section 1556, stating that all persons are capable of

contracting "except minors, persons of unsound mind, and persons deprived of civil rights."

6. California Code of Civil Procedure, Section 199(b), which states that among those incompetent to act as a trial juror is one convicted "of malfeasance in office or any felony or other high crime."

Plaintiff challenges the constitutionality of these statutes and constitutional provisions on the grounds the Penal Code sections violate due process, inflict punishment by legal fiat, are "retroactive laws," abridge the privileges and immunities of United States citizenship, are Bills of Attainder and are ex post facto laws, and that the said California constitutional provisions are likewise unconstitutional and violate Article I, Section 10, Clause 1, of the 13th Amendment and the 14th Amendment of the United States Constitution. Plaintiff also seeks "a declaratory judgment on a breach of contract" and a permanent injunction. The alleged contract, plaintiff asserts, is implied by the "social compact" between plaintiff and the government by which the government secures and protects plaintiff in his enjoyment of his vested rights as a citizen of the United States, although he admits that if the statutes and constitutional provisions cited are not unconstitutional that the said implied contract has not been breached.

Defendant moves to dismiss the complaint on the grounds, among others, that the Federal questions are frivolous and unsubstantial.

Plaintiff asks for the appointment of a three-judge court under the provisions of Title 28 U.S.C. §§ 2281, 2283 and 2284. In the circumstances, it is the duty of this court to ascertain whether a substantial Federal question is presented. In Voege v. American Sumatra Tobacco Corp., 192 F.Supp. 689 the court, at page 691 (D.C.D.Del.1961), observes:

"Under § 2281 the constitutional question raised must be substantial. When application for injunction against enforcement of a state statute is made, the district judge must scrutinize the complaint to determine this question. Lack of substantiality appears where the constitutional question obviously is without merit or its unsoundness results from previous decisions. Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152. Thus, the district judge is within his authority to dismiss the complaint or deny the temporary restraining order if the tests are not met."

The Supreme Court, in Ex parte Poresky, 290 U.S. 30, 54 S.Ct. 3, 78 L.Ed. 152 (1933), held that there was no requirement to appoint a three-judge court where the complaint did not assert a substantial Federal claim [pages 31–32, 54 S.Ct. 3]. See also California Water Service Co. v. Redding, 304 U.S. 252 at 255, 58 S.Ct. 865, 82 L.Ed. 1323 (1938); Bell v. Waterfront Commission of New York Harbor, 2 Cir., 279 F.2d 853; and Blue and Gold Stamps, etc. v. Sobieski, 190 F.Supp. 133 at 134–135 (D.C.S.D.Cal.1961).

The court has carefully considered the complaint and concludes that it does not present a substantial constitutional question in view of the decisions of the Supreme Court bearing on the constitutional authority of a state to enact the statutes and constitutional provisions assailed.

The Supreme Court, in Davis v. Beason, 133 U.S. 333, 10 S.Ct. 299, 33 L.Ed. 637 (1890), considered a provision prescribed by the legislature of the Territory of Idaho for the qualification of voters. Section 501 of the revised statutes of Idaho Territory provided that " * * * no person * * * convicted of treason, felony * * * unless restored to civil rights; nor any person who is a bigamist or polygamist * * * is permitted to vote at any election, or to hold any position or office of honor, trust, or profit within this territory."

The court, at page 347 of its opinion, 10 S.Ct. at page 302, after setting forth the above statute in its entirety, states that said statute " * * * is not open to any constitutional or legal objection." The defendant, a Mormon, contested the constitutionality of the oath required as a condition precedent to voting which contained the above provisions against polygamy.

Lassiter v. Northhampton County Bd. of Elections, 360 U.S. 45, 79 S.Ct. 985, 3 L.Ed.2d 1072 (1959), involved the constitutionality of a provision of the Constitution of South Carolina re literacy tests to be passed as a part of voter qualification. The Supreme Court observes, at page 51 of its opinion, 79 S.Ct. at page 990:

"We do not suggest that any standards which a State desires to adopt may be required of voters. But there is wide scope for exercise of its jurisdiction. Residence requirements, age, previous criminal record (Davis v. Beason, 133 U.S. 333, 345–347 [10 S.Ct. 299, 301–302, 33 L.Ed. 637]) are obvious examples indicating factors which a State may take into consideration in determining the qualifications of voters. The ability to read and write likewise has some relation to standards designed to promote intelligent use of the ballot."

To the same effect, see Camacho v. Rogers, 199 F.Supp. 155 at 158 (D.C.S.D. N.Y.1961), and cases cited.

In Estep v. United States, 327 U.S. 114 at page 122, 66 S.Ct. 423 at page 427, 90 L.Ed. 567 (1946), the Supreme Court says:

"A felon customarily suffers the loss of substantial rights."

referring to Section 2600 of the California Penal Code (Footnote 13) by way of example, as follows:

"*California:* § 2600 of the Penal Code provides that a sentence of imprisonment for less than life suspends all civil rights and forfeits all public offices and private trusts, authority, or power during the imprisonment."

Similar New York and Missouri statutes are also cited. The court, in the Estep case, was considering the challenge of plaintiff to the action of his local draft board in rejecting his claim of exemption on the grounds he was a minister under the Selective Training and Service Act of 1940. He failed to report for induction, was imprisoned and appealed from denial of his petition for Writ of Habeas Corpus.

In De Veau v. Braisted, 363 U.S. 144, 80 S.Ct. 1146, 4 L.Ed.2d 1109 (1960), plaintiff sought declaratory judgment re the constitutionality of Section 8 of the New York Waterfront Commission Act of 1953 [McKinney's Unconsol. Laws, § 9933], which, in effect, disqualifies any person convicted of a felony from holding office in any waterfront labor organization if he has not had this "disability" removed by the Parole Board and for injunction restraining operation of the statute. The Supreme Court held that the statute does not violate the due process clause of the 14th Amendment and is not an ex post facto law or bill of attainder forbidden by Section 10 of Article I of the Constitution. [Pages 157–160, 80 S. Ct. 1146.] At pages 158–159, 80 S.Ct. at page 1154, the court enumerates and discusses several Federal statutes comparable to the provisions of California law here challenged:

"Barring convicted felons from certain employments is a familiar legislative device to insure against corruption in specified, vital areas. Federal law has frequently and of old utilized this type of disqualification. Convicted felons are not entitled to be enlisted or mustered into the United States Army, or into the Air Force, but 'the Secretary * * may authorize exceptions, in meritorious cases.' 10 U.S.C. §§ 3253, 8253. This statute dates from 1833. A citizen is not competent to serve on federal grand or petit juries if he

has been 'convicted in a state or federal court of record of a crime punishable by imprisonment for more than one year and and [sic] his civil rights have not been restored by pardon or amnesty.' 28 U.S.C. § 1861. In addition, a large group of federal statutes disqualify persons 'from holding any office of honor, trust, or profit under the United States' because of their conviction of certain crimes, generally involving official misconduct. 18 U.S.C. §§ 202, 205, 206, 207, 216, 281, 282, 529, 1901, 2071, 2381. For other examples in the federal statutes see 18 U.S.C. § 2387; 5 U.S.C. § 2282; 8 U.S.C. § 1481. State provisions disqualifying convicted felons from certain employments important to the public interest also have a long history. See, e. g., Hawker v. People of State of New York, 170 U.S. 189 [18 S.Ct. 573, 42 L.Ed. 1002]. And it is to be noted that in § 504(a) of the 1959 Federal Labor Act, quoted earlier in this opinion, Congress adopted this same solution in its attempt to rid all unions of criminal elements. Just as New York and New Jersey have done, the 1959 Federal Act makes a prior felony conviction a bar to union office unless there is a favorable exercise of executive discretion."

The court concludes that previous decisions of the Supreme Court have foreclosed the plaintiff from now raising the constitutionality of the California statute and constitutional provisions above set forth, by reason of lack of substantiality of the issues raised in that the constitutional questions are obviously without merit and their unsoundness results from previous decisions.

For the foregoing reasons, plaintiff's request for the convening of a three-judge court is denied, and the motion of the respondent to dismiss plaintiff's complaint is granted and the complaint is hereby ordered dismissed for want of jurisdiction.