No. 21,821.

THE STATE OF KANSAS, *Appellant*, V. THE CROSBY BROTHERS
MERCANTILE COMPANY, *Appellee.*

No. 21,822.

THE STATE OF KANSAS, *Appellant*, V. THE SPERRY & HUTCHIN-
SON COMPANY, *Appellee.*

No. 21,823.

THE STATE OF KANSAS, *Appellant*, V. THE SURETY COUPON
COMPANY, *Appellee.*

SYLLABUS BY THE COURT.

1. CRIMINAL LAW—*Use of Trading Stamps—Information States Cause
   of Action.* The informations charging defendants with violations of
   the act relating to the furnishing and using of trading stamps in mer-
   cantile transactions (Laws 1917, ch. 331) examined, and held to state
   causes of action against the several defendants.

2. TRADING-STAMP ACT—*Constitutionality Affirmed.* The decision in *The
   State v. Wilson*, 101 Kan. 789, 168 Pac. 679, that chapter 331 of the
   Session Laws of 1917 is a constitutional act of the legislature, is ad-
   hered to.

3. SAME—*Law Can be Changed Only by the Legislature.* Debatable ques-
   tions as to the wisdom, necessity, or propriety of a law, and the objec-
   tions to it, where its constitutionality has been determined, should be
   addressed to the legislature, and not to the courts.

4. SAME—*Statutory Provisions Govern Use of Trading Stamps.* It is
   unlawful for a merchant, without first having procured a license under
   chapter 331 of the Session Laws of 1917, to issue and redeem trading
   stamps in connection with his mercantile transactions, except in con-
   formity with the methods permitted by the statute.

5. SAME—*Use Made of Trading Stamps by Defendants Constituted a
   Misdemeanor.* A merchant who has not procured a license to issue
   and redeem trading stamps in his mercantile transactions is guilty of
   a misdemeanor when he issues such stamps but limits their redemption
   to numbers of 1,200 stamps and discriminates to the extent of twenty-
   five cents in the allowance which he makes in their redemptive value
   in cash or merchandise.

6. SAME—A trading-stamp company or a trading-coupon company which
   is not engaged in mercantile business on its own account, but which
   furnishes trading stamps or coupons for the use of merchants in deal-
   ing with their customers, and which prescribes the mode in which such
   merchants shall distribute and redeem such stamps or coupons, and

which mode does not conform to the uses permitted by the statute, is engaged in a business governed by the trading-stamp act, and where such business is undertaken without a license such company is guilty of a misdemeanor.

Appeal from Shawnee district court, division No. 2; GEORGE H. WHITCOMB, judge. Opinion filed November 9, 1918. Reversed.

*S. M. Brewster*, attorney-general and *Hugh T. Fisher*, county attorney, for the appellant; *James A. Troutman*, of Topeka, of counsel.

*D. M. Dale, S. B. Amidon, S. A. Buckland*, all of Wichita, *L. S. Ferry, T. F. Doran, M. F. Cosgrove, A. M. Harvey*, and *Edwin D. McKeever*, all of Topeka, for the appellees; *John S. Dean*, of Topeka, and *Frank T. Wolcott*, of New York, N. Y., of counsel.

The opinion of the court was delivered by

DAWSON, J.: These appeals present another chapter in the "trading stamp" litigation and are a sequel to the case of *The State v. Wilson*, 101 Kan. 789, 168 Pac. 679, wherein the constitutional questions involved in the law relating to the use of trading stamps were considered and the law was upheld.

When the decision in *The State v. Wilson* was rendered the defendants in the present cases set about a revision of their methods of business in dealing with trading stamps and their use. New contracts were made between the trading-stamp companies and the merchants who distributed the stamps to their customers, and the defendants began to furnish and distribute trading stamps and coupons pursuant thereto. On the assumption that these revised modes of using the stamps did not conform to the provisions of the trading-stamp act (Laws 1917, ch. 331), these criminal cases were instituted. The Crosby case is a prosecution of a mercantile firm which distributed the stamps of the Sperry & Hutchinson (trading-stamp) Company; the second case is one against the Sperry & Hutchinson Company, which furnished the Crosby company with trading stamps; and the third case is one against another trading-stamp company, The Surety Coupon Company, which, under a somewhat different contract, furnished the stamps or

The State v. Mercantile Co.

coupons used and distributed by another mercantile firm, which is not before the court.

The respective informations against these defendants, in several counts, charged them with certain violations of the act, some of which occurred before the decision in *The State v. Wilson,* and some with infractions of the act under the defendants' revised mode of using the stamps. The trial court overruled the defendants' motions to quash, so far as they were directed toward the counts covering violations of the act committed before defendants revised their mode of business, and sustained the motions to quash so far as they related to alleged offenses in the revised mode of using the stamps. From the latter ruling the state appeals.

The informations contained copies of the contracts under which the defendants were doing business. One of the informations recited—

"That Crosby Brothers Mercantile Company, a corporation, organized and doing business under the laws of the State of Kansas at the County of Shawnee, in the State of Kansas aforesaid, and within the jurisdiction of this court on the —— day of December A. D. 1917, did then and there unlawfully use in, with and for the sale of its goods, wares and merchandise certain stamps known as S. & H. Green Trading Stamps and received by it from the Sperry & Hutchinson Company, a corporation of Boston, New Jersey, which said stamps entitled the purchaser so receiving the same with such sale of goods, wares and merchandise to procure from the said defendant company, free of charge, the sum of $2.25 in cash or merchandise of the value of $2.50, at the option of the holder thereof, for each book of 1200 stamps, said books to be redeemed in cash by said defendant company or in merchandise from their general stock at regular retail prices, at the option of the holder of such stamps in accordance with an agreement printed on the inside page of the cover of the said stamp book, as follows:

" 'NOTICE.

" 'To the Public and to our Customers.

" 'This book and the trading stamps which are issued by the undersigned are issued and received by you, and are to be redeemed as follows:

" 'When this book is filled by pasting therein trading stamps issued by the undersigned to the number of Twelve Hundred the same may be presented at our store and will be redeemed by us in merchandise out of our general stock at the regular retail price with a value of $2.50, or in cash in the sum of $2.25, at the option of the holder of this book.

" 'The above is the only agreement under which stamps will be issued and redeemed by us.

" 'CROSBY BROTHERS MERCANTILE COMPANY.'

"said stamps being furnished to said defendant company under a contract entered into between it and the Sperry & Hutchinson Company a copy of said contract being as follows:

## " 'AGREEMENT.

" 'THIS AGREEMENT made this 22d day of November, 1917, by and between The Sperry & Hutchinson Company, a corporation of the State of New Jersey, and The Crosby Brothers Mercantile Company of the State of Kansas.

" 'WITNESSETH, It is mutually agreed by and between the parties hereto that the said The Sperry & Hutchinson Company is to furnish to the said The Crosby Brothers Mercantile Company, trading stamps to be issued by The Crosby Brothers Mercantile Company to its customers as a discount for the payment of any indebtedness paid within the time in which it allows such discounts. One of said stamps being issued for each ten cents represented in the payment of such indebtedness. The said The Crosby Brothers Mercantile Company agrees to pay to The Sperry & Hutchinson Company for such stamps the sum of $2.50 for each one thousand of said stamps.

" 'It is agreed that said stamps are furnished by The Sperry & Hutchinson Company to be issued by The Crosby Brothers Mercantile Company redeemable at their face value or more in cash or merchandise from the general stock of the said The Crosby Brothers Mercantile Company at regular retail prices at the option of the holder of said stamps.

" 'The said The Crosby Brothers Mercantile Company agrees to purchase stamps as herein contracted for in sufficient quantities from time to time to give the discount herein provided, upon the payment of any indebtedness paid within the time a discount is allowed.

" 'The Crosby Brothers Mercantile Company agrees to give in exchange for each filled trading stamp book containing twelve hundred (1200) stamps, consisting in whole of stamps furnished by The Sperry & Hutchinson Company merchandise, to the value of $2.50 as selected by the holder of such stamps from their general stock at the regular retail price thereof, or to give to the holder thereof the sum of $2.25 in cash, and such books so redeemed shall be endorsed showing whether they are redeemed in cash or merchandise, and with the name and address of the person presenting same.

" 'The Sperry & Hutchinson Company agrees to pay to The Crosby Brothers Mercantile Company the sum of $2.25 for each completely filled stamp book redeemed.

" 'The Crosby Brothers Mercantile Company agrees to deliver to The Sperry & Hutchinson Company for cancellation all of said stamps and stamp books redeemed as herein provided.

" 'It is mutually agreed that a full settlement for all stamp books redeemed during any one month will be made not later than the 15th day of the following month.

" 'This contract to remain in full force and effect for the term of one year from this date.

" 'IN WITNESS WHEREOF, the parties hereto have hereunto set their hands the day and year above written.

" 'THE SPERRY & HUTCHINSON COMPANY,
" 'By F. W. ANDRESS.
" 'THE CROSBY BROTHERS MERCANTILE COMPANY.
" 'By W. T. CROSBY, Pres.'

"without first having obtained a license from the County Clerk of Shawnee County, Kansas, as provided by Chapter 331, Session Laws of Kansas of 1917; contrary to the form of the statutes, etc."

The trading-stamp law provides that before these stamps can be furnished or used in connection with sales of merchandise, a license, at an almost prohibitive fee, shall be procured from the county clerk—

"Provided, however, that the provisions of this section shall not apply to the furnishing or issuance of any stamps, coupons, tickets, certificates, cards, or other similar devices, redeemable at their face value, in cash or merchandise from the general stock of said merchant at regular retail prices at the option of the holder thereof." (Laws 1917, ch. 331, § 1.)

Counsel for defendants contend that the mode of doing business detailed in the contract as quoted above is saved from the general ban of the act by this proviso. But some discord between what the proviso permits and what the defendants are accused of doing, as shown by the contract, is readily noticeable. The law says the stamps which a merchant without a license may issue to his customers are to be redeemed at their face value in cash or in merchandise, at the holder's option, at regular retail prices. The contract mode of business pursued by the Crosby company prescribes that the stamps which that defendant issues will only be redeemed in numbers of 1,200 stamps. The proviso of the law contains no such limitation. The contract made also provides, and the Crosby company's notice to its customers announced, that the redeemable value of the stamps is $2.50 per 1,200 in merchandise, but their cash value is only $2.25. The Crosby company also declares in its notice that only on these terms will the trading stamps issued by it be redeemed. The proviso of the statute prescribes that the stamps are to be redeemed at their face value in cash or merchandise at regular retail prices, at the holder's option, not at one value in merchandise and at a less value in cash.

It cannot be admitted that this mode of doing business is in compliance with the act and the privileges of the proviso. It is urged that the redeemable value of less than 1,200 stamps would be too trivial to bother with; but that is only a reason for asking the legislature to change the law, and not a reason for violating it. Even that apology for breach of the law is wanting in the discrimination between the redeemable values in cash and merchandise. The Crosby company declares it will not do business in the way permitted by the statute, but will issue and redeem trading stamps in its own and a different

47—Kan.—3099.

way, or the way imposed upon it by the stamp company under the terms of the contract. In other words, this defendant's notice to its customers simply avows that it is violating the statute. If the Crosby Brothers Mercantile Company wishes to distribute trading stamps and to redeem them according to its individual and independent notion of good business methods, that company must first procure a license from the county clerk of Shawnee county, which license will cost the sum of $6,000 per annum (sec. 2). If that company does not care to pay that large sum annually for the privilege of handling trading stamps in its business in any way it pleases, it may refrain from using them at all, or it may, without paying such license fee and without a license, make or procure trading stamps of its own design from any printer or lithographer, and issue them to its customers on whatsoever terms it sees fit to impose—provided that in so doing it respects the obligation imposed by the statute to redeem whatever number of stamps it does issue, in cash at the professed face value thereof or in merchandise out of its own establishment at the customer's or holder's option; but it may not impose restrictions as to numbers of stamps which it will redeem, nor can it prescribe a less redemptive value in cash than it allows in merchandise. Under the broad and inclusive terms of the act the Crosby company cannot engage in contractual relationship with a trading-stamp company for the furnishing and using of trading stamps along the lines specified in the above contract, unless the Crosby company and the trading-stamp company are both prepared to pay the fee prescribed for a license so to do.

The court is compelled to hold that the several counts in the information which were quashed by the trial court sufficiently stated causes of action against the Crosby company.

It is again urged, as in the Wilson case, *supra,* that the statute violates the federal and state constitutions. The determination of those phases of the controversy was by no means free from difficulty, and some of the justices, including the writer, assented thereto with considerable misgiving, but the lapse of time has merely matured and confirmed our views of the correctness of the decision of the court as then announced. There may be room for fair debate as to whether

the suppression of trading stamps as heretofore used, or their virtual suppression, for that is what this licensing act amounts to, was worth the attention of the legislature of a free state; but legislation may be ill-advised, puerile, or *faux pas* and yet not be unconstitutional, and the remedy for all such legislation must come from the legislature. The court is satisfied with the disposition of the constitutional questions as announced in *The State v. Wilson* and adheres to that decision. (See, also, *Trading Stamp Cases,* 166 Wis. 613.)

The case against the Sperry & Hutchinson Company does not present the slightest difficulty. It is charged with furnishing stamps in violation of the act, and the information details its mode of doing business. It furnishes stamps to merchants and imposes upon those merchants, like the Crosby company, the terms upon which the latter may use and redeem those stamps. As we have seen, those terms do not conform to the act. Moreover, the plain purpose of the statute is to forbid trading-stamp companies like defendant, except under license, to levy tribute upon the business of merchants through the artful attractions of their trading-stamp system. The Sperry & Hutchinson Company is no mere printer and lithographer of stamps to sell to whomsoever may care to buy. It is the inventor or promulgator of a clever scheme whereby it may be worth while for a merchant to use its trading stamps and for the merchant to let it take a small toll from his business for such use.

The Sperry & Hutchinson Company's *modus operandi,* as set forth in the information and conceded for the purposes of the motion to quash, is a plain, palpable and futile attempt to do by indirection what the statute plainly forbids. Its motion to quash should have been overruled *in toto.*

The same conclusion must be reached in the case against the third defendant, the Surety Coupon Company. It is not a mere printer or stationer engaged in vending its stamps. Slight differences there are, indeed, between its contract with merchants and that of the Sperry & Hutchinson Company, but its mode of business is equally violative of the act. It fastens itself upon the business of Paxton & Paxton, a Topeka mercantile firm, by a contract to furnish the latter with trading stamps, and prescribes how the latter shall handle and dispose

of the stamps. Indeed this defendant reserves to itself the *ownership* of the trading coupons furnished by it and binds its patron, Paxton & Paxton, not to use any trading coupons except its own, which probably violates the antimonopoly laws of this state, as well as the trading-stamp act, and binds Paxton & Paxton to cease to use or redeem trading coupons after the expiration of their contract with defendant. The permissive use of coupons by a merchant redeemable in cash or merchandise, at face value, out of his own stock, which the statute permits, contains no limitation on the redemption period, and there is none, unless it is that prescribed by the code of civil procedure.

It needs no argument to show that if the use of trading stamps which the act of 1917 sought to regulate and restrict by license was an evil (and that was a legislative and not a judicial question, *The State v. Wilson,* supra; *Rast v. Van Deman & Lewis,* 240 U. S. 342), the act has failed of its purpose if the practices of defendants as outlined in the informations are not within its scope. The court will not admit that the statute is fraught with any such weakness or futility.

Undoubtedly the legislature intended by the act to compel an emancipation of merchants from the dominion and control of the trading-stamp and coupon companies. All the informations sufficiently charged offenses under the act, and the judgment of the district court must be reversed, with instructions to set aside its ruling on the motions to quash, and for further proceedings consistent with the views herein expressed.

Reversed.

BURCH, J., not sitting.