CRAIG *et al. v.* MAYOR AND ALDERMEN OF TOWN OF GAL-
LATIN, TENNESSEE.

(*Nashville,* December Term, 1934.)

Opinion filed· March 9, 1935.

A. O. Denning, of Gallatin, for appellant.

J. T. Baskerville and Oscar Russell, both of Gallatin, for appellee.

Mr. Justice DeHaven delivered the opinion of the Court.

The bill was filed in this cause under the Uniform Declaratory Judgments Act, to test the validity of an ordinance passed by the board of mayor and aldermen of the town of Gallatin, in 1916, requiring all pool and billiard rooms within the corporate limits of the town to remain closed between the hours of six P. M. and seven A. M., and making the violation of such ordinance a misdemeanor punishable by a fine, and to enjoin the enforcement of said ordinance on the ground that it is unreasonable, oppressive, and void as it deprives complainants of their rights and property.

The chancellor found that the ordinance was regularly passed in 1916, and decreed that said ordinance is not unreasonable, oppressive, nor void, but is a valid ordinance, and accordingly dismissed complainants' bill. On appeal to the Court of Appeals, the chancellor was affirmed. The cause is now before us on petition for *certiorari*. The one assignment of error, divided into three paragraphs, is that the Court of Appeals erred in affirming the decree of the chancellor in holding and declaring that the ordinance in question is not unreasonable nor abusive, and is not void.

The sole question presented is whether or not the ordinance in question, with respect to the hours fixed therein, is reasonable. It is urged by complainant E. B.

Craig that this ordinance deprives him of the lawful right to operate his pool-room business during the most profitable hours of the day during which it could be conducted. Petitioner held a license from the State of Tennessee authorizing him to operate a pool room in the town of Gallatin. Undoubtedly the mayor and board of aldermen had the power to regulate the hours of opening and closing pool rooms, but this board cannot, under the guise of regulation, prohibit to a material degree the exercise of the privilege of conducting a pool room conferred by the State.

It appears from the record that persons in Gallatin are, in the main, at work during the daylight hours, and are without opportunity to play pool or billiards. Thus the ordinance requirement that pool rooms close at six P. M., has the effect of denying to petitioner a patronage that he might otherwise enjoy. No peculiar conditions in and around Gallatin are shown in the record justifying the closing of pool rooms at six P. M. The question is not whether pool rooms should be abolished, or whether their complete extinction would be for the general welfare. The question is whether the State having provided for the licensing of pool rooms, and thereby recognized their legality, the town of Gallatin, can, by ordinance, to a large degree, destroy the value of the privilege conferred.

In *Ward* v. *Mayor and Aldermen of Greenville*, 67 Tenn. (8 Baxt.), 228, 229, 230, 35 Am. Rep., 700, an ordinance forbidding licensed retailers of spirituous liquors to sell between the hours of six P. M. and six A. M., was held invalid, because an unreasonable exercise of the police powers of the municipal corporation. The court said:

"The State recognized the retail trade in liquors as legal, on condition that the retailer pays for the privilege and procures a license. This license confers upon him the right to sell for one year, subject of course to the general laws of the State, declaring it unlawful to sell on specified days and at specified places. With these exceptions the retailer has the authority of the State to follow his trade, day or night, for a year. How much of this time can he be forbidden to devote to his trade by the exercise of the police powers of a municipal corporation, without an unreasonable or oppressive infringement of his right? We have seen that it has been held that a limitation of the exercise of his right to daylight is not unreasonable or oppressive. In view of the peculiar nature of the trade, there is sound reason in prohibiting its exercise during the nighttime. But what is there in the trade which makes it necessary, for the preservation of good order and quiet, that it should not be carried on for two hours before dark and for two hours after daylight? It must be borne in mind that a municipal corporation has no power, under the pretext of a public regulation, to prohibit the exercise of a right conferred by the State. Whenever this is done, and to whatever extent, the prohibition, merely as a prohibition, is unreasonable, oppressive and invalid."

In *Grills* v. *Mayor and Aldermen of Jonesboro*, 67 Tenn. (8 Baxt.), 247, 248, an ordinance prohibiting licensed retail liquor dealers from selling their goods on certain specified days of the week, or during certain hours of those days, was held invalid. The court said:

"Whatever may be our views as to the wisdom of prohibitory laws for the prevention or suppression of the evils of intemperance, so long as the Legislature con-

tinues to legalize the traffic, and to confer on those engaged in it the rights attached to their privileges, the courts are bound to protect the exercise and enjoyment of these rights and privileges against unreasonable and oppressive ordinances passed by corporate authorities, although they may, in the judgment of these authorities, be passed in the interest of morality, religion and good order. The law of the State is paramount and must control.''

While the extent of the powers delegated to the corporation of Gallatin will be construed liberally, such construction cannot be carried to the point of holding that by ordinance it can take away, to a material degree, the privilege of operating a pool room conferred upon petitioner by the State. The limitation of reasonableness must be applied to such an ordinance.

The decree of the Court of Appeals and that of the chancellor must be reversed, and the costs of the cause taxed against the town of Gallatin.