MILLER *v.* CITY OF MEMPHIS *et al.*

(*Nashville*, December Term, 1943,)

Opinion filed March 4, 1944.

16

WILS DAVIS and W. H. FISHER, both of Memphis, for complainant.

JOHN L. EXBY, FRANK B. GIANOTTI, JR., and SYLVANUS W. POLK, all of Memphis, for the City.

MR. JUSTICE NEIL delivered the opinion of the Court.

The complainant Lee Miller filed his original bill under the declaratory judgment statute, in which he alleged that a certain ordinance of the City of Memphis is invalid, the same requiring a permit for the operation of music boxes, commonly spoken of as ''juke'' boxes. The complainant alleges that he leases these music machines to various persons in the City of Memphis and elsewhere and that they are operated by an electric current; that they play selections of music automatically upon the insertion of a coin placed in a slot by customers; that he has paid State, County, City, and Federal Government privilege taxes; that he held licenses issued by the City of Memphis to operate machines for 1943, a separate license being issued for each machine; but in April, 1943, the City passed an ordinance which imposed an additional requirement, in that it required, as a prerequisite to the installation and operation of a machine, the securing of a permit from the Chief of Police at a cost of two dollars for each permit and making it unlawful to operate it otherwise. It is further alleged that some permits were granted and some denied; that he was advised that no more blank forms for applications for permits would be given him and no further permits would be issued. The validity of the ordinance is assailed on the following grounds: (1) said ordinance is in violation of the due process clause of the Constitution of the United States (Section 1 of the Fourteenth Amendment) and that it violates Article 1, Section 8, of the Constitution of Tennessee; (3) that the ordinance is *ultra vires* and not fairly referable to the police power of the municipality; (4) that said ordinance is unreasonable and deprives com-

plainant of the lawful right to operate his business, etc.; (5) that it vests the City of Memphis with power to impair the revenue of the State, County, and Federal Government; (6) said ordinance abridges the privileges and immunities of complainant and other citizens; and (7) that it is "unreasonable, arbitrary, discretionary, oppressive, and unequal in its application to persons and citizens". The prayer of the bill is that defendants be enjoined from enforcing the ordinance.

The Chief of Police and Commissioner of Public Safety who were made parties defendant demurred to the bill on the ground that no relief is sought against them. The City of Memphis demurred upon the following grounds:

"The payment of the taxes for the privilege of operating said mechanical music machines does not preclude the City of Memphis from making reasonable regulations pertaining to their use and operation.

"(A) Nor does the ordinance in regulating the use and operation of said mechanical music machines violate any constitutional rights of complainant or others similarly situated.

"(B) Nor does the regulation imposed thereby violate any constitutional rights and privileges of complainant, or others similarly situated, in that it may impose some additional burden or requirements upon the exercise of the privilege of operation of said machines.

"The provisions in Section Six (6) to Sixteen (16) of said ordinance are not invalid because the requirements made therein are designed to and do protect the safety, health, general welfare, peace and morale and do not violate any provisions of the Constitution of the United States or of the State of Tennessee."

The Chancellor sustained the demurrers and dismissed the bill, holding that the ordinance was neither invalid nor unreasonable and that it did not violate the Constitution of the United States or of the State of Tennessee, that the Court had no jurisdiction to enjoin the enforcement of a penal law, and that complainant had not exhausted his remedy by appeal to the City Commission as provided by the ordinance.

Complainant has appealed and the several assignments of error raise the single question as to the authority of the City of Memphis to regulate the operation of musical machines or "juke boxes" by requiring a permit of the owner or lessor. Complainant contends (1) that the ordinance is unconstitutional for the reasons above mentioned; (2) that it is not based upon any statutory authority; and (3) that it is not within the general police power of the municipality. The defendants by demurrer challenge the correctness of complainant's contention and insist that it is a valid ordinance; that it is based upon an express statute, and, moreover, is a valid exercise of authority under the general police power.

Before discussing the legal question involved we should give attention to the pertinent sections of the ordinance that is assailed. Section 1 makes it unlawful for "any person to set up or operate within the city limits of Memphis any mechanical amusement device without first obtaining a permit from the Chief of Police," etc. Section 2 defines a mechanical amusement device as follows:

" 'Mechanical Amusement Device' shall mean any machine or device which, upon the insertion of a coin, slug or token in any slot or receptacle attached to said machine or connected therewith, operates or which may be operated for use as a game, contest or amusement or which

may be operated for the playing of music or may be used for any such game, contest or amusement and which does not contain a pay-off device for the return of slugs, money, coins, checks, tokens or merchandise.''

Section 4 makes it unlawful for any owner or operator of such a device to cause, permit, or allow same to be located, operated, or maintained within six hundred feet of the nearest street entrance to or exit from any public playground or public or private school of elementary or high school grades. Section 5 provides for making application to the Chief of Police for such permit and that the applicant shall give the following information:

''(a) Name of applicant;

''(b) Place where said mechanical amusement device is to be placed, maintained to be operated or operated; and, if said mechanical amusement device is to be placed, maintained to be operated or operated in connection with any other business or calling, the character of said business or calling;

''(c) The number of mechanical amusement devices placed, maintained to be operated, or operated then in the place where said mechanical amusement device is to be placed.''

Section 6 requires the payment of two dollars for each application and it shall be renewed annually. Section 8 provides that the Chief of Police shall ''cause to be investigated the statements as set forth in the application.'' Section 10, that the Chief of Police may, ''in exercise of sound discretion, if he deems that *the applicant for said permit is not of good moral character*, deny said permit, and he may, likewise, in his discretion, deny said permit *if the place of business wherein the mechanical amuse-ment device is to be operated does not bear a good reputa-*

*tion.''* (Italics ours.) Section 16 confers upon the Chief of Police the power to suspend or revoke said permit if in his opinion *"it is deemed necessary for the protection of minors or any member of the public,''* etc. (Italics ours.) Section 18 provides that such device shall not be operated between the hours of twelve o'clock p. m. and eight o'clock a. m., and makes it unlawful for it to be operated in such manner "that the sound created, emitted or transmitted, etc., shall be audible to persons on any public street or highway or upon any adjoining premises.''

We readily agree with the contention made by counsel that a municipality has no inherent authority to enact ordinances whose validity and enforcement rests upon general police powers. All powers of a municipality are derived from the State, but it cannot be doubted that the State may delegate its authority, or some portion of it. "The police power primarily inheres in the state, but if the state constitution does not forbid, the legislature may delegate a part of such power to the municipal corporations of the state, either in express terms or by implication, . . ." McQuillin on Municipal Corporations (2 Ed.), Vol. 3, sec. 949, p. 108. Whether or not there should be a regulation of a particular business, or restriction upon the use of property, must rest largely within the sound judgment and discretion of municipal authorities. "It is axiomatic that the regulation must have a reasonable and substantial relation to the accomplishment of some purpose fairly within the legitimate range or scope of the police power." In dealing with the powers of a municipality to enact such legislation, the courts have been compelled to avoid placing restrictions on the reasonable exercise of this power, for the reason

that it is difficult "to circumscribe with accuracy an orbit within which such power may safely move." McQuillin, (2 Ed.), Vol. 3, Sec. 946, pp. 100, 101. In *Chattanooga* v. *Norman*, 92 Tenn., 73, 77, 20 S. W., 417, 419, the Court held that as to the necessity of such legislation "the lawmaking power is the judge, and, if not in violation of a fundamental law, or unreasonable, they are everywhere upheld." (Citing cases.)

■ The primary question in every case, touching the validity of such legislation, is (1) has the municipality express or implied authority to act, and (2) does the ordinance promote the public health, morals, safety, convenience, and comfort of the general public, and advance the general welfare? As to the authority of the City of Memphis to pass the ordinance in question, Sec. 4, Chapter 121, Private Acts of 1937, provides that "the Board of Commissioners . . . shall have authority to prohibit and regulate by ordinance *the making of unnecessary noises,* (etc.) . . . by any automobile, . . . bus, (etc.) or *by any radio, phonograph, musical instrument, or other sound devices,*" etc. Section 4. (Italics ours.) We think the "juke box" falls within the above classification and may be made the subject of regulation.

■ It is next insisted that the ordinance is an improper and invalid exercise of the police power thus granted, that it is an arbitrary classification, and does not promote the health, morals, and comfort of the public, etc. Moreover, the argument is advanced that the City has not undertaken to regulate the radio, which at times emits very loud noises, including selections of music that are unearthly. We think the necessity for regulating "juke boxes" and similar mechanical devices is a matter

that addresses itself to the discretion of the legislative authority of the City. The Court cannot substitute its own judgment for that of the Council or Board of Commissioners as to these matters. As was said in *Chattanooga* v. *Norman, supra,* "The lawmaking power is the judge," and, we might add, it is the best judge of the injurious effects of noises by "juke boxes" and other mechanical musical devices at certain places, as well as during certain hours of the day and night. We must take cognizance of the fact that within the City of Memphis there are many churches, schools, and other cultural centers, and it is not unreasonable that the Board of Commissioners should so regulate "juke boxes" as to preserve quietude in these places. The mere fact that there is no ordinance regulating radios has no bearing upon the question before us. It is proper to observe, however, that radios are not used for making music in public dance halls, beer joints, and similar places, where persons assemble to engage in the "jitterbug" and other hilarious nightclub performances. Moreover, the radio does not have a "nickel-in-the-slot" attachment whereby the customer is enabled to secure some choice selection at will.

It is no argument against the validity of an ordinance that it regulates a lawful business. Any business that is illegal has no right to exist under any circumstances. There are many classes of business, entirely lawful, that need close supervision and intelligent regulation. When such regulation is fairly and reasonably imposed by proper authority, it is not a violation of the due process clause of the Constitution. The argument is advanced by counsel that the ordinance is invalid for the reason that authority is conferred upon certain city

officials whereby they are enabled by taxation and regulation to impair the revenues of the State, County, and Federal Government. We think this is unsound. The small stipend for a permit cannot be considered a tax upon business. It is only incidental to the manner of regulation and is not unreasonable.

 It is earnestly urged that, since the State, County, and Federal Government have exacted a privilege tax of complainant to operate "juke boxes," the ordinance is invalid because it creates an additional privilege by requiring a permit. The case of *Robinson* v. *Mayor of Franklin,* 20 Tenn., 156, 161, 34 Am. Dec., 625, is cited in support of this contention. In that case the by-laws of the City, which imposed a heavy penalty for failure to take out a liquor license, were held to be invalid. It was said, "A corporation can pass no by-law inconsistent with the constitution and laws of the State" (citing authorities). In the instant case we fail to find wherein the ordinance in question is in conflict with State or Federal authority. It imposes no heavy penalty and the payment of two dollars for a permit is not a privilege tax within the meaning of our tax laws. It is true there is a restriction upon the owner and operator in that he must be a person of good character and the instrument must be operated in a reputable place, which is not an unreasonable restriction. The assignment presupposes that the City will enforce the ordinance in a capricious and oppressive manner. We think the contrary presumption should be indulged. The State has imposed a privilege tax upon many kinds of business, such as pawnshops, junk dealers, secondhand furniture dealers, and liquor dealers, which are also made subject to reasonable regulation by municipalities. All persons who engage in such businesses, as

well as complainant in the instant case, must take notice, when they pay a privilege tax and other taxes, that they are subject to regulation. In the case of *Craig* v. *Mayor and Aldermen of Town of Gallatin,* 168 Tenn., 413, 417, 79 S. W. (2d), 553, 554, cited by complainant's counsel, it was held that an ordinance requiring pool rooms to remain closed during the hours of six p. m. and seven a. m. was unreasonable and oppressive. The ordinance was held invalid upon the ground that the State having conferred rights and privileges upon a person to do business, a municipality could not destroy such rights by "unreasonable and oppressive ordinances." No fault can be found with the principle thus announced. In the instant case there is only a reasonable limitation upon the right. No one has a constitutional right to operate any mechanical musical device, including a "juke box," in such a way as to disturb a congregation of worshipers, an educational assemblage, or patients in a hospital whose comfort and welfare may require peace and quietude. A reasonable regulation of such instruments in this regard cannot be regarded as an unjust and unlawful limitation upon the right to do business.

The assignments of error are overruled and the decree of the Chancellor is affirmed.