Logan's Supermarkets, Inc., et al.

*v.*

Z. D. Atkins, Commissioner of Finance and Taxation of the State of Tennessee, et al.

(*Nashville,* December Term, 1956.)

Opinion filed July 29, 1957.

George F. McCanless, Attorney General, Allison B. Humphries, Solicitor General, Milton P. Rice, Assistant Attorney General, for appellants.

Larry B. Creson, Memphis, Edwin F. Hunt and Cecil Sims, Nashville, Robert W. Sweet, New York City, for appellees.

Mr. Justice Prewitt delivered the opinion of the Court.

The bill was filed by complainants, Logan's Supermarket Inc., *et al.,* seeking a declaratory judgment with respect to Chapter 97 of the Public Acts of Tennessee of 1957, known as the Trading Stamp Act.

This Act provides as follows:

"An Act to be entitled: An Act to amend Code Section 67-4203, Item 106, to increase the privilege tax upon trading stamp companies and to impose a privilege tax upon persons, firms, or corporations using the same.

"Section 1. Be It Enacted by the General Assembly of the State of Tennessee, That Code Section 67-4203, Item 106, be and the same is hereby amended by deleting therein the figure '$300.00' and substituting therefor the figure '$600.00', and further by inserting therein between the words 'selling' and the words 'or giving away', the words 'distributing, delivering,'

"Section 2. Be It Further Enacted, That Code Section 67-4203, Item 106, be further amended by adding thereto the following:

"67-4203, Item 106-B. Every person, firm or corporation who shall use in, with or for the sale of any goods, wares, or merchandise any stamps, coupons, tickets, certificates, cards, or other similar device which shall entitle the purchaser receiving the same with such purchase of goods, wares or merchandise to procure from any other person, firm or corporation any goods, wares or merchandise free of charge, or for less than the retail market price thereof, upon the production of any number of said stamps, coupons, tickets,

certificates, cards, or other similar device, shall, before so using the same, for the privilege of doing such business pay to the State for State purposes an amount equal to 2% of the gross receipts derived from the sale within the State of Tennessee of all goods, wares or merchandise within the State along with which any stamps, coupons, tickets, certificates, cards or other similar devices are delivered to the purchaser. Provided, however, that the provisions of this section shall not apply to the using of any stamps, coupons, tickets, certificates, cards or other similar device, redeemable at their face value in cash or merchandise from the general stock of said merchant at regular retail prices at the option of the holder thereof; and provided, further, that the provisions of this Act shall not apply to any coupon, ticket, certificate, card, or other similar device issued by a manufacturer or packer which is redeemable either by the manufacturer or packer or their agents, free of charge, or for a reasonable handling and mailing charge, or for any product of said manufacturer or packer free of charge, or at less than the retail price thereof.

"Said tax shall be payable and administered as provided in Section 67-4315 through Section 67-4323.

"Section 3. This Act shall take effect from and after August 1, 1957, the public welfare requiring it.

"Passed: February 21, 1957."

Item 106 of Code Section 67-4203, which was amended by the foregoing Act is in words and figures as following:

"Item 106. Trading Stamps.—Each trading stamp company or agency doing the business of selling or giving away trading stamps or like devices in any county of this state, shall pay, per annum, in each county in which said company or agency does business a privilege tax of . . . $300.00.

"This shall in no wise apply to merchants or manufacturers who issue and redeem their own coupons."

The questions presented here are:

(1) Whether or not the Legislature had the right to levy the tax on stamp companies in the manner and amount which it did, and,

(2) Whether the classifications contained in said Act are unconstitutional.

The Chancellor was of the opinion that the Legislature had the right to levy the tax on stamp companies as it did. See *Jenkins v. Ewin*, 55 Tenn. 456; *Railroad Co. v. Harris*, 99 Tenn. 684, 43 S.W. 115, 53 L.R.A. 921; *H. G. Hill Co. v. Whitice*, 149 Tenn. 168, 258 S.W. 407.

These cases observe that the Legislature is not bound by the rule of uniformity prescribed in cases of taxes on property. The power of the Legislature to declare and tax privileges is unlimited, and its discretion in this regard cannot be constrained or controlled by the Courts. Section 28 of Article II of the Constitution of Tennessee.

■ It is therefore our opinion that said Section I of Chapter 97 of the Public Acts of 1957 violates no constitutional provision.

The second proposition is the validity of the second section of said Act.

The lower Court was of the opinion that the proper construction to be placed upon the Act is that the 2% gross tax applies only to merchants who use the services of trading stamp companies, or have their stamps, etc., redeemed by some person other than the merchant, who gives said stamps, etc., and it does not apply in any way to merchants, who give and redeem their own stamps, even though said merchant operates a separate redemption center.

The lower court was further of the opinion that there is not any real and substantial difference between a merchant, who uses stamps and redeems his own stamps, and a merchant who uses stamps and for a consideration has some one else to redeem them for him. The Chancellor considered the classification to be arbitrary, capricious and unreasonable and in violation of Article XI Section 8, of our Constitution, which forbids class legislation unless there be some reason for the discrimination.

The precise question to be determined by us has not been passed upon in Tennessee, but many other states have decided the question and with virtual unanimity of opinion.

These cases from other jurisdictions demonstrate that court after court have held the classification attempted by Section 2 of the challenged Act unconstitutional as arbitrary and discriminatory.

It would unnecessarily prolong this opinion to take up and discuss the many cases from other jurisdictions.

However, in *Sperry & Hutchinson Co. v. Hoegh,* 1954, 246 Iowa 9, 65 N.W.2d 410, 416, the Court said:

"In our judgment, the great weight of authority and the better reasoning supports the view that legislation which practically prohibits the use of trading stamps is not a constitutional exercise of the police power. But, for the purpose of this case we need not decide whether the legislature is without power constitutionally to prohibit the issuance and use of trading stamps."

The Iowa Court then proceeded to consider the statute under the equal protection clause of the State Constitution and held that the statute could not be sustained under that clause.

The Court said in part:

"* * * Even if we assume anti-trading stamp legislation can be sustained under police powers to protect public morals and to promote general welfare, how can it be said there is any basis at all for classification in the use of trading stamps between merchants who furnish and redeem their own and those who obtain their stamps from another who agrees to redeem them? * * * How can it be argued the public welfare and morals did not suffer when he issued his own stamps, but were impaired when he made arrangement for plaintiff to redeem the stamps he furnished? The classification must have a reasonable relation to the purposes and objects of the law * * *

"A bare inspection of the gift enterprise statutes shows the classification that singles out the stamp

company plan for prohibition has only arbitrary relation to any conceivable purpose of the legislation. Indeed it would seem the public welfare would be better served by a company plan with wide acceptance in many states—especially in the filling station business where there is much tourist trade—over an issuing and redeeming merchant plan.

"The great weight of authority is against the validity of such statutes, under the equality provisions of constitutions. The general rule stated in 16 C.J.S. Constitutional Law sec. 511h, page 1027 is:

" 'Equal protection of the law is denied by statutes forbidding the use of trading stamps or the issuance thereof except by manufacturers or merchants redeeming them * * *.' "

In this connection see *State v. Holtgreve,* 58 Utah 563, 200 P. 894, 26 A.L.R. 696; *Sperry & Hutchinson Co. v. State of Indiana,* 188 Ind. 173, 122 N.E. 584; *People ex rel. Attorney General v. Sperry & Hutchinson Co.,* 197 Mich. 532, 164 N.W. 503, L.R.A.1918A, 797; *State v. Dodge,* 76 Vt. 197, 56 A. 983; *People ex rel. Appel v. Zimmerman,* 102 App.Div. 103, 92 N.Y.S. 497; *In re Opinion of Justices to Senate,* 226 Mass. 613, 115 N.E. 978; *State v. Dalton,* 22 R.I. 77, 46 A. 234, 48 L.R.A. 775; *Publix Super Markets, The Sperry and Hutchinson Company v. City of Orlando,* 8 Fla.Supp. 96.

█ It is well settled in this State that the Legislature may not arbitrarily exclude one class of individuals from the operation of a privilege tax and include another. *Corn v. Fort,* 170 Tenn. 377, 95 S.W.2d 620, 106 A.L.R. 647; *Wilson v. Beeler,* 193 Tenn. 213, 245 S.W.2d 620.

In 1916 there were three cases decided in the Supreme Court of the United States which held that statutes passed by state legislatures which virtually prohibited the use of trading stamps did not contravene the Fourteenth Amendment to the Federal Constitution. These cases were *Rast v. Van Deman & Lewis Co.,* 240 U.S. 342, 36 S.Ct. 370, 60 L.Ed. 679; *Tanner v. Little,* 240 U.S. 369, 36 S.Ct. 379, 60 L.Ed. 691; and *Pitney v. State of Washington,* 240 U.S. 387, 36 S.Ct. 385, 60 L.Ed. 703. There are five decisions in three states which follow these decisions. They were rendered within three years of the Supreme Court decisions, *State v. Wilson,* 1917, 101 Kan. 789, 168 P. 679, L.R.A. 1918B, 374; *State v. Crosby Bros. Mercantile Co.,* 1918, 103 Kan. 733, 176 P. 321; *In re Trading Stamp Cases,* 1918, 166 Wis. 613, 166 N.W. 54; *Sperry & Hutchinson Co. v. Weigle,* 1919, 169 Wis. 562, 173 N.W. 315.

The last case which held that the prohibition of the issuance of trading stamps was within the police powers of the legislature was decided in 1919.

However, the weight of authority and the later cases hold that such prohibition statutes are not valid, because violative of state constitutions.

█ We therefore conclude that there is no real and substantial difference between a merchant who uses stamps and redeems his own stamps, and a merchant who uses stamps and for a consideration has someone else to redeem them for him. In one instance he is taxed and in the other he is not.

It follows therefore that the Court considers the classification to be arbitrary, capricious and unreasonable and in violation of Article XI, Section 8 of our Constitution.

■ The Chancellor was then of the opinion that this unconstitutional section of the statute could be elided.

In *Jones v. City of Jackson*, 195 Tenn. 329, 336, 259 S.W.2d 649, 652, it is said:

"The holding of certain provisions of an Act invalid does not destroy the entire Act, so long as there is enough left where it is capable of being executed in accordance with the apparent legislative intent. *Miller v. City of Memphis*, 181 Tenn. 15, 178 S.W.2d 382, 151 A.L.R. 1172."

The Act in question was in the form of an amendment to an existing Act taxing trading stamp companies which tax item was only increased in amount. The original Act was valid and enforceable in and of itself, and the amendment to the Act did not change it in this respect.

It follows that the second section of said Chapter 97 will be elided and the first section upheld.

It results that the decree of the Chancellor will be affirmed.