108 N.J. Super. 427 (1970)
261 A.2d 674
SILCO AUTOMATIC VENDING COMPANY, A NEW JERSEY CORPORATION, PLAINTIFF-APPELLANT,
v.
FRANK A. PUMA, LICENSE INSPECTOR, CENTRAL LICENSE BUREAU, CITY OF ELIZABETH AND THE MAYOR & CITY COUNCIL OF THE CITY OF ELIZABETH, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, DEFENDANTS-RESPONDENTS. DIERICKX MUSIC, INC., A NEW JERSEY CORPORATION, PLAINTIFF,
v.
FRANK A. PUMA, LICENSE INSPECTOR OF THE CITY OF ELIZABETH AND THE MAYOR & CITY COUNCIL OF THE CITY OF ELIZABETH, DEFENDANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 24, 1969.
Decided February 5, 1970.
*429 Before Judges SULLIVAN, CARTON and HALPERN.
Mr. James D. Demetrakis argued the cause for appellant Silco Automatic Vending Company (Mr. Albert S. Gross, of counsel; Messrs. Gross & Gross, attorneys).
Mr. Joseph A. Hayden argued the cause for appellant Dierickx Music, Inc.
Mr. John R. Weigel argued the cause for respondents (Mr. Edward W. McGrath, City Attorney of City of Elizabeth, attorney).
The opinion of the court was delivered by SULLIVAN, P.J.A.D.
These consolidated appeals are from a judgment of the Superior Court, Law Division, upholding the validity of ordinance No. 260 of the City of Elizabeth purporting to license and regulate pool and billiard *430 tables, bowling alleys, music machines (juke boxes) and other amusements and entertainment devices, and fixing the license fees to be paid.
Plaintiffs Dierickx Music, Inc. and Silco Automatic Vending Co. are New Jersey corporations engaged in the business of supplying coin-operated music machines and other amusement and entertainment devices. Both plaintiffs applied to defendant municipality for licenses under the ordinance to operate music machines. When licenses were not issued, the instant suits were filed seeking an adjudication that plaintiffs are entitled to licenses and also challenging the validity of the ordinance and particular sections thereof.
The facts are stipulated and are set forth in detail in the trial court's opinion reported at 105 N.J. Super. 72 (Law Div. 1969). They need not be repeated here.
Ordinance No. 260, which supplants an earlier licensing ordinance, provides that the license for the operation and maintenance of a music machine shall be issued in the name of the owner thereof. The ordinance appears to require two separate licenses, namely an operator's license as well as a license for each machine. Pertinent provisions of the ordinance are as follows:
Before a license is issued for any of the coin operated devices covered by this ordinance, the applicant for such license shall first apply for and obtain an operator's license, the fee for which shall be (a) in the case of music machines, the sum of Two Hundred ($200.00) Dollars per year for an operator licensing and operating more than one (1) music machine, and a fee of One Hundred ($100.00) Dollars for an operator licensing and operating only one (1) music machine * * *.

* * * * * * * *
A fee of $10.00 for the operation of one music machine plus a fee of $5.00 for each of such machines in excess of one in the ownership of one licensed operator * * * shall be charged to operators for the issuance of a license for each such machine or coin operated device.

* * * * * * * *
The number of music machines in the City of Elizabeth and all other amusement devices in which coins are inserted, shall be limited as follows: (a) in the case of music machines, licenses shall be issued for no more than two hundred fifty (250) machines * * *.
*431 The ordinance provides that before issuing a license the license inspector shall "determine" from an investigative report prepared by the chief of police as to "the character, moral turpitude and fitness of the applicant." The ordinance contains no regulatory provisions affecting music machines except to prohibit the placement, operation and use of a machine within 250 feet of a church or school.
We agree with the trial court that a municipality may regulate the placement and operation of music machines under its police power. N.J.S.A. 40:48-1 and 2. Indeed, it is undisputed that the operation of juke boxes is widely regulated at the municipal level. See Annotation, "Validity, construction and application of statutory or municipal regulation of `juke boxes' or other mechanical musical devices," 151 A.L.R. 1178 (1944). 7 McQuillin, Municipal Corporations (3d ed. 1968, rev. vol.), § 24.215.
We also agree that the license fees set out in the ordinance have not been shown to be unreasonable, confiscatory, or exorbitant. A municipality may derive some revenue from a licensing ordinance even though the purpose of the ordinance is to regulate under the police power. Salomon v. Jersey City, 12 N.J. 379 (1953).
The difficulty we have with the particular ordinance is fourfold. First, the only requirement for licensing involves the investigation as to good character, moral turpitude, etc., of the owner of the machine. Since most of these machines are placed in locations on a rental or franchise basis, it would seem that the only purpose of the ordinance is to exclude suppliers having criminal backgrounds or associations. The right of the municipality to legislate in this area is questionable in the absence of some indication that the public health, welfare and morals are affected thereby. Belleville Chamber of Commerce v. Belleville, 51 N.J. 153, 157, 158 (1968). However, see Ragan v. Seattle, 58 Wash.2d 779, 364 P.2d 916 (Wash. Sup. Ct. 1961).
Second, the ordinance contains no standards for the license inspector to determine what persons are eligible *432 for, or disqualified from obtaining, a license. Such deficiency makes the ordinance violative of the Federal and State Constitutions. Hoboken v. Bauer, 137 N.J.L. 327 (Sup. Ct. 1948).
Third, the ordinance limits the number of licenses for music machines in the municipality to 250. There is no doubt that a municipality may, in the proper exercise of its police power and in the interest of public welfare, limit the number of licenses that may issue for certain activities, such as taverns, bars, junk yards, used car lots, etc. We recognize that some control may be exercised over the number of juke boxes permitted in a municipality in the interests of protecting the public from unnecessary and unwanted noise and commotion.
However, without some affirmative showing that the numerical limitation set by the ordinance bears a rational relationship to those or other aspects of the public health, welfare and morals, it would appear to be arbitrary. Messina v. Mayor, etc. of Lodi, 18 N.J. Super. 503, 510 (App. Div. 1952). It is significant that there were 272 juke boxes in Elizabeth licensed under the old ordinance, which did not limit the number of licenses to be issued.
Our fourth and most basic difficulty with the ordinance is that, save for prohibiting the placing of a machine within 250 feet of a church or school, it contains no provisions whatever for the regulation and control of the placement and location of the machines, method and hours of operation, type of entertainment presented, and the like. Such matters fall within the traditional municipal police power and have been generally upheld. Miller v. Memphis, 181 Tenn. 15, 178 S.W.2d 382, 151 A.L.R. 1172 (Tenn. Sup. Ct. 1944). McQuillin, supra. See 1 Nimlo Model Ordinance Service (1960), c. 6, "Amusements and Recreation." Cf Moyant v. Paramus, 30 N.J. 528 (1959). However, this ordinance regulates nothing and is therefore fundamentally deficient.
*433 For the reasons expressed, we conclude that the ordinance as enacted is an invalid exercise of municipal power and must be declared void.
We therefore reverse and remand for entry of judgment declaring the ordinance to be illegal. However, we direct that entry of judgment be withheld for a period of 90 days to afford the municipality the opportunity to pass a new ordinance which conforms to the views herein expressed. No costs on these appeals.